TUBBESING V. THE CITY OF BURLINGTON.

68  691,
97  294|
68  691
0121  544

1. **Cities and Towns:** TAXATION OF AGRICULTURAL LANDS; EXEMPTION. In order to exempt unplatted land within a city from municipal taxation, it is not sufficient merely to show that the land is used for agricultural purposes, but it must be shown that it is used exclusively for such purposes, and that it does not derive such benefit from the expenditure of city taxes as to make it taxable for city purposes under the rule of *Brooks v. Polk Co.*, 52 Iowa, 460.

2. ——: ——: ——: FORMER ADJUDICATION. An adjudication that certain land was not taxable for city purposes for one year does not determine that it was not taxable for such purposes for previous years, though the character and use of the land are shown to have been the same. (Compare *City of Davenport v. Chicago, R. I. & P. R'y Co.*, 38 Iowa, 640.)

3. **Practice in Supreme Court:** REHEARING. Upon a rehearing in this court, a cause will be considered only upon the theory upon which it was presented on the first hearing.

*Appeal from Des Moines Circuit Court.*

FRIDAY, SEPTEMBER 23.

ACTION to recover for taxes alleged to have been wrongfully collected by the defendant. There was a trial to the court, and judgment was rendered for the plaintiff. The defendant appeals. *

*J. J. Seerley*, for appellant.

*Hall & Huston*, for appellee.

ADAMS, J.—The taxes in question were levied for city purposes for the years 1877, 1878, 1879 and 1880, upon land

1. CITIES and towns: taxation of agricultural lands: exemption.

belonging to the plaintiff, and situated in the city of Burlington. The plaintiff claims that the land at the time of the levy was exempt from taxation for city purposes, and, furthermore, whether exempt or not, it must be so held in this action, because in another ac-

tion between the same parties the taxes of later years were held to be uncollectible upon the ground that the land was exempt from taxation for city purposes. The defendant insists that neither of these grounds is tenable. The plaintiff introduced evidence showing that the land was used for agricultural purposes. But it was not shown that it was used exclusively for such purposes, nor was it shown that the land did not derive such benefit from the expenditure of city taxes that it was not the proper subject of taxation for city purposes under the rule of *Brooks v. Polk Co.*, 52 Iowa, 460.

The only other ground of exemption relied upon is the adjudication respecting the taxes of later years, to-wit, the years 1881 and 1882. The plaintiff introduced evidence tending to show that the character and use of the land remained the same down to 1881, and his legal proposition is that the adjudication that the land was exempt in 1881 involved an adjudication that it was exempt during the prior years, the character and use being the same. But we have seen that under *Brooks v. Polk Co.*, above cited, the character and use of the land alone are not sufficient to determine the question of exemption. It is important to consider the benefits, if any, derived from the expenditure of city taxes, and as to this the evidence shows nothing. Besides, we are of the opinion that, where the claim of exemption rests upon facts which are liable to differ from year to year, and must almost necessarily differ to some extent, an adjudication respecting an exemption one year is not an adjudication respecting an exemption any other year. In *City of Davenport v. Chicago, R. I. & P. R'y Co.*, 38 Iowa, 640, the court said: "The taxes of separate years do not in any just sense grow out of the same transaction." In our opinion, then, the claim based upon the adjudication cannot be sustained.

Much has been said in argument respecting the constitutionality of section 4, c. 47, Laws 1876. That is a statute exempting tracts of land laid off into lots of a certain size

*1. ——: ——: ——: former adjudication.*

where used for agricultural purposes. It is not claimed that the plaintiff's land is laid off into lots of such size, nor does the plaintiff claim anything under the statute. On the other hand, he claims that it is unconstitutional. He seems to fear the implication that might be thought to arise, to-wit, that if lots of a certain size are expressly exempted, lots of a less size are not. But taxation is the rule, and exemption is the exception. If, then, it were conceded that the statute is unconstitutional, the plaintiff would have to show affirmatively facts which entitle his land to exemption. In our opinion he has not shown such facts, and the judgment must be

REVERSED.

### SUPPLEMENTAL OPINION.

ADAMS, CH. J.—The counsel for the plaintiff have filed a petition for a rehearing in this case. They claim that we misunderstood their position, and very charitably attribute the misunderstanding to the fact that the case was presented only through what they call " cold type," and they express the hope that a different method of trial in this court may soon be adopted. We do not know what method would give the counsel greater facility than they now enjoy. Oral arguments have always been allowable whenever counsel have desired to make them, and none have availed themselves more frequently of the privilege of making them than the counsel for the plaintiff, who are looking with hope to a change of method. We desire to say, further, that, notwithstanding this case was not presented by oral argument, we do not fail to understand the counsel. Their printed argument was entirely intelligible, and was read and considered by us fully.

This action was brought to recover for certain taxes paid on city lots. The ground of recovery set out in the petition is that in a former action between the same parties it was held that the lots are not subject to taxation. The counsel

now say that the decree in the former suit was not in this action pleaded as an adjudication. If that is so, then there was no allegation in the petition showing that the lots were exempt, and without such allegation it is difficult to see how the plaintiff can recover. The stress of the plaintiff's former argument was placed on the question as to the constitutionality of section 4 of chapter 47 of the Laws of 1876. They assailed the statute as being unconstitutional. We held that if it were unconstitutional it would not appear that the lots were exempt, because if the lots were exempt it would be upon some ground independent of the statute, and it was not shown that there was such ground. It is now claimed that we do not have all the evidence before us, and that there might have been some other ground; as that the land was used for agricultural purposes and was not benefited by the expenditure of city taxes. But it was not claimed, either in the petition or plaintiff's argument, that the exemption could be placed upon this ground.

One other position taken by counsel in the petition for a rehearing was not taken by them in their original argument, and that is that the land was not laid off into lots of ten acres or less, within the meaning of the statute; and, accordingly, that they would be exempt under the express provision of section 4 of chapter 47 of the Laws of 1876, as amended by section 5 of chapter 169 of the Laws of 1878. But not a word was said in the counsels' argument tending to show that they so claimed; but the counsel seemed to assume that the statute stood in the way of a recovery, and the great burden of their argument was directed against its constitutionality. Neither did anything in the petition suggest the point now made. In our opinion filed we assumed that the lots were so laid off that they were not exempt under the statute, and we think that the petition and arguments were such that we were justified in such assumption. Had the question properly arisen and been presented in argument, it is possible that we might

3. PRACTICE in supreme court: rehearing.

have sustained the views of the plaintiff's counsel.    As it is, we think that the petition for a rehearing must be

                                        OVERRULED.