CASE 82—PETITION EQUITY—MAY 13.

# City of Newport v. Masonic Temple Ass'n., Etc.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. TAXATION—EXEMPTION BY CHARTER—REPEAL OF BY CONSTITU-
TION.—The provision in the charter of a corporation exempting
its property and income from all taxation so long as the same
shall be entirely devoted to Masonic and charitable purposes,
was repealed by the provisions of secs. 170 and 174 of the Ken-
tucky Constitution, providing that all property shall be taxed in
proportion to its value, unless exempted by that instrument and
that there shall be exempt from taxation institutions of "purely
public charity;" after the adoption of the Constitution the right
of such corporation to the exemption is to be determined by the
constitutional provision.

2. RES ADJUDICATA.—A judgment in an action for taxes accruing
prior to the adoption of the present Constitution to the effect that
the corporation was exempt therefrom, does not determine the
question as to whether there is liability for taxes under the
charter as amended by the new Constitution, accruing subsequent
to its adoption.

3. TAXATION—EXEMPTION.—The Constitution having taken effect in
the year 1891, after property was required to be assessed under
the city charter for that year, the adoption thereof did not affect
the right of the corporation to the exemption as to the taxes for
that year.

4. SAME.—Where the property and income of a corporation is exempt
by its charter, from taxation "so long as it shall be entirely
devoted to Masonic and charitable purposes," before it can be
subjected to taxation it must be shown that the property and
income for that year were not so used.

ROOT & ROOT FOR APPELLANT.

GEORGE WASHINGTON FOR APPELLEE.

(Record and briefs not in the office.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellant, the city of Newport, instituted this action against the appellee, the Masonic Temple Association, to recover taxes claimed to be due for the years 1891, 1892 and 1893, under assessments made for municipal purposes; and for the taxes alleged to be due the city asserted a lien upon a four-story building, situated in the city of Newport.

The Masonic Temple Association of Newport was created a corporation by an act of the general assembly (volume 1, Acts 1879, page 657), approved March 29, 1880. It was provided in the first section of the act that "all property of said company devoted to Masonic or charitable purposes shall be exempt from all taxation."

The act was amended by an act of the general assembly (volume 1, Acts 1885-6, page 410), approved February 26, 1886. This act authorized the Masonic Temple Association to issue bonds to an amount not exceeding $20,000, and provided that the property of the association should be bound for their payment. Section 2 of this act reads as follows, to-wit: "That so long as the property and income of said association shall be entirely devoted to Masonic and charitable purposes, no private gain or profit being derived therefrom, said property and income shall be exempt from all taxation."

It is contended for the city that as the first and second stories of the building, belonging to the appellee, were rented for $1,700 per annum, the Masonic Temple Association should pay taxes upon the value of these stories of the

[ 38 ]

building.    To defeat the recovery the appellee chiefly re-
lies upon its plea of *res judicata.*

Under the provision of the acts of incorporation ex-
empting the property and income of the association from
taxation so long as it was entirely devoted to Masonic and
charitable purposes, the association was not liable for the
payment of taxes.    This provision of the charter, however,
could be repealed at any time the legislature or a constitu-
tional convention saw proper to do so.    There is nothing
in the language of the acts of incorporation of the Masonic
Temple Association which indicates an intent on the part
of the legislature to surrender its power to repeal or amend
any of their provisions.

In what is commonly known as the act of 1856 it is pro-
vided: "That all charters and grants of or to corporations,
or amendments thereof, and all other statutes, shall be sub-
ject to amendment or repeal at the will of the legislature,
unless a contrary intent be therein plainly expressed: Pro-
vided, that whilst privileges and franchises so granted may
be changed or repealed, no amendment or repeal shall im-
pair other rights previously vested."    This provision of the
act of 1856 is as much a part of the acts of incorporation of
the appellee as if it had been written therein, and if the
constitutional convention repealed that part of the charter
which gave appellee exemption from taxation, it did not
impair the obligation of a contract.    The association ac-
cepted the provision of the charter with the knowledge
that the legislature or a constitutional convention could
alter or repeal it at will.    And those who accepted its
bonds are conclusively presumed to know that such power
existed.

The questions as to the effect of the provision of the act of 1856, which we have quoted, and as to its meaning, and as to the power of the legislature to repeal or amend charters of incorporation, etc., are so fully discussed by the court in what is commonly known as the Bank Tax Cases, 102 Ky., that it is unnecessary to extend the discussion here.

The present constitution took effect September 28, 1891.

Section 174 of the Constitution reads as follows: "All property, whether owned by natural persons or corporations, shall be taxed in proportion to its value unless exempted by this Constitution." * * *

Section 170 of the Constitution reads as follows: "There shall be exempt from taxation * * * institutions of purely public charity." * * *

The appellee claims that it is exempt from taxation by virtue of the acts of incorporation to which we have alluded. It is not claimed that it is exempt from taxation under the Constitution, neither is there any averment that the appellee is "an institution of purely public charity."

We are of the opinion that the provision of the Constitution repealed the provisions of the acts of incorporation of the appellee which exempted its property from taxation. It expressly declared that all property, whether owned by natural persons or corporations, shall be taxed unless exempted by the Constitution. Therefore, if the property of the appellee is exempt from taxation, it is not in virtue of the charter provisions, but of the Constitution. There are no averments in the answer which show that the appellee's property is exempt from taxation under the constitu-

tional provisions. But as to whether it could set up a state of facts which would show that its property is exempt from taxation under the provisions of the Constitution is not for us to decide because the question is not before us. This observation must not be taken as an indication as to what the opinion of the court might be should such an issue be tendered by an amended answer on a return of this case.

In 1892 the city of Newport instituted an action against the appellee by which it sought to recover taxes upon the four-story brick building of the appellee for the years 1887, 1888, 1889 and 1890, and the first half of the year 1891. The appellee as a defense to that action pleaded the provisions of its charter which we have quoted and claimed that by reason thereof it was not liable to the appellant for the taxes for the years claimed. The court on demurrer adjudged that appellee's plea was a good defense to the action, and dismissed the petition. The appellee claims that as the court in that case adjudged that its claim of exemption from taxation was a good defense, it passed upon the identical question involved in this case, and that the matter is *res judicata*.

From our view of this case the questions are not presented by the record, and it is unnecessary to determine whether or not a claim for taxes for one year is a distinct cause of action from a claim for taxes for a subsequent year, or whether or not a judgment holding that the tax of the prior year could not be assessed or collected can, in an action for the taxes for a subsequent year, be pleaded as a bar to a recovery in the action. We, of course, have

reference to cases between the same parties under the same statute or charter, and where the claim to exemption from taxation was adjudged in the prior action.

The question as to the appellee's liability for the taxes for the years of 1887, 1888, 1889 and 1890, and the first half of the year 1891, arose under the law as it stood before the adoption of the Constitution. The court adjudged that for those years the property of the appellee was not liable for the taxes claimed. The court sustained the plea of the appellee that his charter gave him immunity from the imposition of taxes for those years. Since that time, as we have said, the Constitution has repealed that part of the appellee's charter which exempted its property from taxation. The defense which existed at the time of the former action to the imposition of taxes on the appellee's property no longer exists.

The question was not involved in the former case as to the power of the legislature or the constitutional convention to repeal the provisions of the charter of the appellee which then exempted its property from taxation. Whilst the court could have properly decided in the former case that the appellant was not entitled to recover the taxes for the years for which suit was brought, still it would not have adjudged the question which is now presented for the consideration of the court.

Two of the elements which were essential to make the matter *res judicata* are lacking in this case: First, is the identity of the subject-matter; second, the identity of cause of action.

The question for the consideration of the court in the

former case was as to whether the provisions of the appellee's charter exempted it from taxation for the years stated in the petition. The cause of action was the taxes which were alleged to be due for those years. The cause of action alleged in the case under consideration is a claim for taxes for different years, and the matter to be adjudged is the question of appellee's liability therefor under the law now in force for certain other years.

We conclude that the matter in issue in this case is not identical with the matter which was in issue in the former case, except as hereinafter stated. If we should hold that the judgment in the former case was a bar to a recovery in this case, we would in effect hold that neither the Legislature nor a constitutional convention could alter or amend a law or charter because a court had adjudged the rights of the parties thereunder. If we did this then we would be holding that a question was adjudged which was not in issue in the former case, and one that could not have been raised in it. In the former case the matter for adjudication arose under the provisions of the charter and the question for adjudication in this case arises under the amended and altered charter.

In the former action the city sought to recover for one-half of the taxes for the year 1891, and the court adjudged that it was not entitled to recover. So far as that one-half year is concerned the matter is *res judicata*. For the amount of taxes claimed for the latter part of the year 1891 this record does not show that the city is entitled to recover. The Constitution took effect in that year, but many months after property was required to be assessed

under the charter of the city of Newport, and the Constitution did not affect the right of the appellee to claim exemption for the year 1891. This record does not show that the property and income for that year were not used for Masonic and charitable purposes, hence the appellant fails to show his right to impose taxes for that year, and this is so determined because of the fact that the exemption clause of the charter was in force at the time the taxes for that year were levied.

The judgment is reversed for proceedings consistent with this opinion.

The court delivered the following response to petition for re-hearing June 18, 1898:

Some of the bondholders are parties to the action. When the Legislature said they should have a prior lien to secure the payment of the bonds which the charter authorized to be issued, it did not intend that, in the event the privilege of exemption from taxation should be withdrawn, that the State, county or municipality should not have a lien for such tax as might thereafter be imposed. The bondholders must be regarded as having accepted the bond with the full knowledge that the association could be made pay taxes, and that its property should be liable therefor. It is with them like it is with stock holders in a bank or with its depositors, if at the time the stock is subscribed or acquired, or at the time deposits are made, the charter exempts the bank from the payment of tax, they can not complain if the Legislature has not parted with the power to withdraw the privilege of exemption from taxation and exercise it. The persons acquiring the

stock or making deposits do so with the knowledge that such power exists, and may be exercised at the pleasure of the Legislature. The Legislature could not by an act prevent them from collecting their debts from the association, neither could it destroy their lien upon the property mortgaged to secure them. Although the city is seeking to enforce a lien for taxes, it must proceed as the Civil Code of Practice requires as to other persons holding liens upon the property.