LOUISVILLE *v.* CITIZENS' NATIONAL BANK.

CITIZENS' NATIONAL BANK *v.* STONE, Auditor.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF KENTUCKY.

Nos. 365, 405.  Argued February 28, March 2, 1899. — Decided May 15, 1899.

*Third National Bank of Louisville* v. *Stone, Auditor, ante,* 432, and *Louisville v. Third National Bank, ante,* 435, followed.

THE case is stated in the opinion.

*Mr. Henry L. Stone* for Louisville.

*Mr. Alexander Pope Humphrey, Mr. Frank Chinn, Mr. James P. Helm* and *Mr. John W. Rodman* for the bank.

MR. JUSTICE WHITE delivered the opinion of the court.

The Citizens' National Bank was organized on the 8th day of August, 1874, its charter being stipulated to endure for a period of twenty years. On April 1, 1894, the charter was renewed and extended for twenty years. The bank in these two cases filed its bills to enjoin the collection of certain taxes on the ground that by the effect of a statute of the State of Kentucky, usually referred to as the Hewitt Act, an irrevocable contract had been entered into between the State and the bank, from which it resulted that the taxes complained of could not be levied without impairing the obligations of such contract. It was moreover averred that the existence of this contract had been judicially determined in a suit between the Third National Bank and the city of Louisville, to which suit the Citizens' National Bank, although not a party, was a privy because of certain agreements alleged to have been made between the city of Louisville and the bank at the time the suit was brought by the Third National Bank. In consequence of this fact it was alleged that the existence of the contract between the Citizens' National Bank and the State had been

judicially determined, and the decree to that effect was pleaded as *res judicata*. In addition, the taxes in question were alleged to be illegal, because imposed upon the franchise and property of the bank, and because they were discriminatory, and they were averred besides to be illegal under the state constitution and laws. The lower court held that the plea of *res judicata* established an irrevocable contract as to the taxes for years prior to the date of the extended charter, but that the thing adjudged did not conclude that there was an irrevocable contract as to taxes imposed after the date of the extension of the charter, because such taxes were not and could not have been in controversy in the cause in which the prior judgment had been rendered. Upon these grounds, in the second case, that is No. 405, it decided that the complainant was without right to relief, and in the first case, No. 365, that it was entitled to the relief sought.

These two cases are in all material respects identical with the cases of *The Third National Bank of Louisville* v. *Samuel H. Stone, Auditor of Public Accounts, et al., ante,* 432 ; and *City of Louisville* v. *The Third National Bank, ante,* 435, which have been just decided. For the reasons given in the decisions rendered in those cases, it is ordered that the decree below rendered in No. 365 be, and the same is hereby, affirmed, and that rendered in No. 405 be, and the same is hereby, reversed, and that the last-mentioned case (viz., No. 405) be remanded to the court below with directions to take such further proceedings as may be in conformity to this opinion, and it is

*So ordered.*