A. B. DEFRIES, Appellant, v. R. F. MCMEANS AND PERRY
TOWNSHIP BOARD OF REVIEW.

Taxation:  JUDGMENT:  RES ADJUDICATA.  A judgment that certain
    land contracts are not assesssable for a particular year is *res
    adjudicata* of the right to assess the same a subsequent year.

*Appeal from Jackson District Court.*—HON. P. B. WOLFE,
Judge.

MONDAY, OCTOBER 26, 1903.

THIS is an appeal from the action of the defendant board of review whereby it increased the appellant's as-sessment of moneys and credits for the year 1899, $28,000. The increased assessment was based upon certain land

contracts which are in fact mortgages.     The plaintiff
pleaded a former adjudication, based upon the fact that in
an action between him and the township board of review,
decided in 1898, it was adjudged that the contracts were
not liable to assessment.     To this plea there was a de-
murrer, which was sustained, and judgment rendered sus-
taining the action of the board of review in raising the
assessment.     The plaintiff appeals.—*Reversed.*

*Levi Keck* and *C. W. Farr* for appellant.

*C. M. Thomas*, County Attorney, for appellees.

SHERWIN, J.—It is conceded that the district court of
Jackson county decided in October, 1898, that the con-
tracts in question were not liable to assessment for that
year, and the only question for our determination here is
whether such adjudication estops the defendant from
assessing them for the year 1899.     The universal rule of
law that a judgment of a court of competent jurisdiction
is binding between the parties to the particular action
litigated regarding the subject thereof, and on their
privies, as to questions actually decided and upon which
the judgment rests, is not assailed.     *Cromwell v. Sac
County*, 94 U. S. 351 (24 L. Ed. 195); *Campbell v. Rankin*,
99 U. S. 261 (25 L. Ed. 435).     But it is contended
that the same issue is not presented in this case
that was determined in the former action, because
of the fact that the assessment for a different year
is involved, and for this reason alone that the former
judgment was not an adjudication which would bar
the present action.     In support of this contention the
appellee relies mainly upon *City of Davenport v. The C.
R. I. & P. R. R. Co.*, 38 Iowa, 633, which was an action
to recover certain taxes levied for city purposes on the
property of the defendant within the city limits, and on a
portion of its railroad bridge across the Mississippi river.

By way of estoppel the defendant pleaded the decree in an injunction suit brought by its predecessor in interest against the city, enjoining the collection of taxes levied on the same property for previous years, and in the opinion it is said: "The taxes enjoined in the former suit were those for 1863, 1864, and 1865. This action is to recover for subsequent taxes. Each year's taxes constitute a distinct and separate cause of action, and the determination of the matters involved in the injunction suit reached no further than the taxes of the year then in question." The above language, considered alone, is probably susceptible of the interpretation which the appellee gives it, and which was adopted by the trial court, namely that under no circumstances will a judgment as to the tax of one year be considered an adjudication as to the tax of a future year. But that the court did not intend to announce so broad a rule is apparent from the further statement that "this case does not fall within the principle involved where a particular issue of fact is tried and determined, and judgment rendered upon such determination, which judgment estops both parties from afterwards denying the fact thus found and determined," and from the further fact that one of the grounds upon which the decision was placed was that the taxes then in controversy were levied under a different act of the legislature. That the broad rule contended for by the appellee was not intended by the decision in the *Davenport Case* is manifest from the opinion in *Goodenow v. Litchfield,* 59 Iowa, 234, wherein it is distinguished in the opinion upon a rehearing, and this language used: "It is undoubtedly true that the taxes of each year ordinarily constitute separate and distinct rights and causes of action; but where an action is brought to recover taxes paid in one year, and an action is afterwards brought to recover for the taxes paid in a subsequent year, and the adjudication in the first is pleaded as a bar to the recovery in the second action, the

question whether the estoppel is effectual will depend upon the issue in the two actions. If the right to recover and defense thereto be based upon precisely the same ground, why litigate again the question that has been determined? In such case the very right of the matter has been determined by a court of competent jurisdiction. It is not essential the causes of action should be the same, but it is essential the right or title should be." "That is, the issue in both actions and the matter on which the estoppel depends must be the same, or substantially so. The very matter or thing which it is sought to litigate must have been adjudicated in the prior action. In such case the bar or estoppel is complete."

It is further said that "the very right of the present litigation has been determined by a court of competent jurisdiction, and therefore cannot be again litigated." And so in this case the very right to tax the contracts at all was determined in the former action, and that is the only issue now involved. And by every principle of *res judicata* the precise point cannot again be litigated by raising it each successive year during the life of the contracts. *Goodenow v. Litchfield, supra*; *St. Joseph & G. I. R. Co. v. Steele*, 63 Fed. Rep. 867 (11 C. C. A. 470); *Buchanan v. Knoxville & O. R. Co.*, 71 Fed. Rep. 324 (18 C. C. A. 122); and *New Orleans v. Citizens' Bank*, 167 U. S. 371 (17 Sup. Ct. Rep. 905, 42 L. Ed. 202), where the question is elaborately discussed by Mr. Justice White. If the decision in the *Davenport Case*, was as broad as claimed, it was effectually emasculated by the decision in *Goodenow v. Litchfield*, in which two of the judges who joined in the former decision participated. And we think the rule of the latter case is the only sound one on the facts presented here. But two or three courts, so far as we are advised, have adopted the rule contended for by appellee, and their decisions are apparently based upon considerations of public policy which do not commend

themselves to us.   See *L. S. & M. S. R. Co. v. People*, 46 Mich. 193 (9 N. W. Rep. 249); *Newport v. Commonwealth*, 106 Ky. 434 (50 S. W. Rep. 845, 51 S. W. Rep. 433, 45 L. R. A. 518).   In *Tubbesing v. City of Burlington*, 68 Iowa, 691, the decision is based upon the want of evidence showing the precise situation in different years.

We think the former judgment an estoppel, and the case is REVERSED.

WEAVER, J., dissenting.