State v. Several Parcels of Land.

STATE OF NEBRASKA, APPELLEE, V. SEVERAL PARCELS OF
LAND ET AL., APPELLANTS.*

FILED APRIL 4, 1907.    No. 14,747.

1. Statutes: VALIDITY. In legal contemplation an unconstitutional stat-
ute is as inoperative as though never passed, conferring no right,
imposing no duty, and affording no protection.

2. ———: CITIES: BOUNDARIES. An annexation ordinance, adopted in
pursuance of an unconstitutional statute, and without lawful
authority, is ineffectual to extend the corporate limits of a
municipality.

3. ———: IMPEACHMENT. Ordinarily the validity of such ordinance
may be collaterally impeached in a proceeding brought to enforce
a city tax levied against real estate in the annexed territory.

4. ———: UNAUTHORIZED TAX. Such tax is one levied for an "unau-
thorized purpose," within the meaning of section 15 of the scaven-
ger act (Comp. St. 1905, ch. 77, art. IX, sec. 15), and may be
adjudged void in a proceeding brought under the act.

APPEAL from the district court for Cass county: PAUL
JESSEN, JUDGE. *Reversed with directions.*

*Samuel M. Chapman, A. L. Tidd* and *Matthew Gering,*
for appellants.

*C. A. Rawls* and *H. D. Travis, contra.*

ALBERT, C.

Since 1882, Heman Burgess, whom we shall call the de-
fendant, has been the owner of a tract of land containing
about 12 acres, lying near the original corporate limits of
the city of Plattsmouth. It has never been platted or
subdivided into lots, and has been used exclusively for
agricultural purposes. In 1888 the city in pursuance of
the provisions of chapter 14, laws of 1885, entitled "An
act to amend the title and sections 1, 2, 3, and 4 of an act
entitled 'An act to provide for the organization, govern-
ment, and powers of cities of the second class having more

* Rehearing allowed. See opinion, 80 Neb. ———.

than ten thousand inhabitants,' approved March 1, 1883,"
undertook merely by the passage of an ordinance to extend
its corporate limits to include the defendant's land. Ever
since the adoption of said ordinance, down to and including
the year 1903, taxes for general city purposes were levied
against this land. The taxes thus levied were paid by the
defendant from year to year until 1894, but, according to
his uncontradicted testimony, such payments were made
under protest, and since that year he has paid no taxes
levied against the property for city purposes. A proceed-
ing under what is commonly known as the "Scavenger"
act, instituted in 1904 to enforce the payment of the un-
paid city tax levied against the defendant's property, was
resisted by the defendant, on the ground that the annexa-
tion ordinance was invalid and ineffectual to bring the
land within the corporate limits of the city, and, conse-
quently, that the taxes levied against the land for city
purposes were levied without authority and void. The
court entered a decree for the enforcement of the taxes
against the land, and the defendant appealed.

The amendatory act of 1885 was declared unconstitu-
tional in *Webster v. City of Hastings*, 59 Neb. 563. The
general rule is that an unconstitutional statute is invalid
from its inception, and as ineffectual as though it had
never passed. *Boales v. Ferguson*, 55 Neb. 565; *Finders
v. Bodle*, 58 Neb. 57. As was said in *Norton v. Shelby
County*, 118 U. S. 425: "It confers no rights; it imposes
no duties; it affords no protection; * * * it is, in
legal contemplation, as inoperative as though it had never
been passed." It would follow, then, that the amendatory·
act of 1885, under which the city attempted to extend its
limits by ordinance so as to include defendant's land, con-
ferred no authority to annex adjacent territory by ordi-
nance, and, as there was no valid law then in force con-
ferring such authority, that the attempted annexation
was unauthorized. As was said in *Chicago, B. & Q. R. Co.
v. City of Nebraska City*, 53 Neb. 453: "It is a familiar
doctrine that municipal corporations can exercise only

such powers as are conferred by law, either express or implied. Where the statute points out the mode of procedure for the extension of the boundaries of a city, the same must be substantially followed, else it will be of no validity." There, as in this case, the validity of a city tax levied against certain property over which the city had attempted to extend its jurisdiction was assailed on the ground that the annexation proceedings were unauthorized. The court held that, the annexation proceedings being unauthorized, the taxes were void, and allowed an injunction to restrain their collection.

But it is contended that the validity of the annexation proceedings cannot be impeached collaterally by a private individual. This contention seems to be met and disposed of by the case just cited, but authorities are not wanting to sustain it. Such authorities, however, so far as we have been able to examine them, are cases where the city had authority to annex the territory, but exercised it irregularly, or where the annexation proceedings had been acquiesced in for so long a time that public and private rights had intervened, which would be injuriously affected by an annulment of the proceedings. But this is a case, not of an irregular exercise of lawful authority, but of a want of lawful authority, and the annexation proceedings, therefore, were not merely defective and voidable, but *ultra vires* and void. Neither have any public or private rights intervened which would be prejudiced by a refusal to recognize the jurisdiction of the city over the property in question. So far as the record discloses, the city has laid out no streets, made no improvements, and expended no money on this property, and has made no attempt to exercise jurisdiction over it, save by levying taxes against it. Neither does it appear that the city has expended any money, incurred any liability, or changed its position to its prejudice in any way on the assumption that the defendant's land was subject to taxation for city purposes. What taxes were paid by the defendant for that

purpose were paid under protest. The record, therefore, discloses no reason for a departure from the general rule that a void proceeding may be assailed at any time and by any person.

Another contention of counsel for the state is that the validity of the annexation ordinance cannot be assailed in this proceeding, because the jurisdiction of the court to declare a tax void in proceedings under the scavenger act is expressly limited to cases where the property was exempt from taxation, or the levy made for an illegal or unauthorized purpose, or the tax was based on fraud, gross injustice, or mistake. See Comp. St. 1905, ch. 77, art. IX, sec. 15. We do not deem it necessary to undertake to define the jurisdiction of the court in a proceeding of this character, nor to determine whether the grounds upon which it can relieve against void taxes are limited to those just enumerated, because this case easily falls within those limitations. If the taxes were levied in the belief that the property was subject to city taxation, they were based upon mistake; if they were levied by the city authorities with knowledge that the property was outside the city limits, and not subject to city taxation, they were based on fraud. Besides, it was held in *Thatcher v. County of Adams*, 19 Neb. 485, that school district taxes levied upon real estate outside the district were levied for an unauthorized purpose, within the meaning of the revenue act. On the authority of that case, the taxes in question may be said to have been levied for an unauthorized purpose within the meaning of the scavenger act.

The equities are with the defendant. His land is unplatted. It is used exclusively for agricultural purposes. It derives no benefit from the city government. No fact or circumstance is shown justifying an application of the hard doctrine of necessity or estoppel. The taxes are void, and the district court erred in decreeing their enforcement.

It is therefore recommended that the decree of the district court be reversed and the cause remanded, with di-

rections to enter a decree in accordance with the views herein expressed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed and the cause remanded, with directions to enter a decree in conformity herewith.

REVERSED.