SECURITY SAVINGS BANK OF VALLEY JUNCTION, Appellant, v. JOHN CONNELL, Mayor, et al., Appellees.

**JUDGMENT:** Conclusiveness—Unconstitutional Statute as Basis—Effect. A decree to the effect that bank stock is, under a statute, assessable for a certain year only when the value of tax-exempt Federal securities held by the bank is first deducted, is not an adjudication that such deduction must be made in a subsequent year, after the unconstitutionality of the said statute has been judicially determined.

*Appeal from Polk District Court.*—JAMES C. HUME, Judge.

SEPTEMBER 26, 1924.

UPON appeal to the district court by the plaintiff-appellant bank from the action of the board of review in refusing to deduct the value of obligations of the United States government held by the bank, in determining the assessed value of the bank

stock, a demurrer to the petition was sustained. From the en-
suing judgment against the plaintiff for costs, it appeals.—*Af-
firmed.*

*J. G. Myerly,* for appellant.

*Volney Diltz,* for appellees.

VERMILION, J.—The plaintiff and appellant, a corporation
engaged in the banking business, furnished to the assessor the
sworn statement required by Code Section 1321, from which it
appeared that, on January 1, 1921, the bank was the owner of
certain United States liberty bonds and war savings stamps and
municipal bonds of the aggregate value of $30,280. The asses-
sor, in determining the value of the shares of capital stock of
the corporation for the purpose of taxation, made no deduction
on account of any of these items. The appellant appeared be-
fore the board of review, and claimed in writing that the value
of these securities should be deducted in arriving at the assessed
valuation of the stock. The board failed to grant any part of
the relief asked, and allowed the assessment of the stock to stand
as returned by the assessor.

Thereupon appellant perfected an appeal to the district
court, and there filed a petition and certain amendments, in
which it alleged, in addition to the foregoing facts, that, on
January 1, 1920, it owned United States liberty bonds and cer-
tificates of indebtedness of the aggregate value of $36,050, and
that for that year the assessor and board of review refused to
deduct the value of the same in determining the assessed valua-
tion of its capital stock; that it appealed from the action of the
board to the district court, and that court by decree reduced
the assessment on the stock by the aggregate face value of the
government securities so owned. It was further alleged that,
on January 1, 1919, it owned United States certificates of in-
debtedness, liberty bonds, and war savings stamps of the aggre-
gate value of $21,100, and that, upon the refusal of the assessor
and the board of review to deduct the value of these securities
from the value of its stock in making the assessment for that

year, it appealed to the district court, where a decree was entered reducing the valuation of its stock for the purpose of taxation by the aggregate value of such securities. It was further alleged that, to the amount of $16,050, the liberty bonds owned on January 1, 1921, were the same bonds owned on January 1, 1920, and were involved in the appeal of that year.

These two decrees were pleaded as adjudications of the question involved in the instant appeal; and it was alleged that thereby the board of review was estopped from claiming that the value of the government securities owned by the bank on January 1, 1921, should not be deducted from the total value of its capital stock, in fixing the assessed valuation of the stock.

A demurrer to the petition was sustained, and, appellant electing to stand on the ruling, judgment was rendered against it for costs; and from this judgment it appeals.

It is practically conceded that, under the law, and independent of the question of *res judicata,* appellant was not entitled to have deducted from the value of its stock the amount of tax-exempt securities owned by it, in arriving at the value of its capital stock for the purpose of assessment. Federal statutes exempting obligations of the United States from taxation do not require, under Section 5219, Revised Statutes of the United States, the deduction of the amount of such securities held by a bank, from the value of its stock for the purpose of assessment for taxation of the stock to the individual owners. *Head v. Board of Review,* 170 Iowa 300; *First Nat. Bank v. City of Council Bluffs,* 182 Iowa 107; *Des Moines Nat. Bank v. Fairweather,* 191 Iowa 1240; *Van Allen v. Assessors,* 70 U. S. 573 (18 L. Ed. 229); *Home Sav. Bank v. City of Des Moines,* 205 U. S. 503 (51 L. Ed. 901); *Hannan v. First Nat. Bank,* 269 Fed. 527.

Chapter 257, Acts Thirty-eighth General Assembly, enacted in 1919, provided that:

"In determining the assessed value of bank stock, the amount of obligations issued by the United States government since the declaration of war against Germany, actually owned by a bank or trust company shall be deducted."

The statute was expressly made applicable to the assessment made in the year 1919. This statute was by this court, on February 12, 1921, held to have been adopted in violation of constitutional provisions. *Des Moines Nat. Bank v. Fairweather,* supra.

The judgments of the district court relied upon as *res judicata* of appellant's right to have deducted the amount of tax-exempt securities held by it January 1, 1921, in determining the assessable value of its stock for that year, were, it is to be observed, rendered after the statute above referred to went into effect, according to its terms, and prior to its being declared unconstitutional. The judgment here appealed from was entered after the act had been held inoperative.

It has been held that an adjudication that certain property is not assessable for taxation for a particular year is *res judicata* of the right, as between the parties, to assess the same property for a subsequent year. Where the very right to tax the specific property at all was determined in the former action, and is an issue in the subsequent one, the estoppel is complete, and the precise question cannot be again litigated. *Goodenow v. Litchfield,* 59 Iowa 226, 234; *Defries v. McMeans,* 121 Iowa 540; *New Orleans v. Citizens' Bank,* 167 U. S. 371 (42 L. Ed. 202). It is upon this doctrine that appellant relies. The position is fortified by the further rule that a judgment, although erroneous, as shown by subsequent decisions of a higher court, is still an adjudication. *McCrillis v. Harrison County,* 63 Iowa 592; *People v. Holladay,* 93 Cal. 241 (29 Pac. 54, 27 Am. St. 186); *Cain v. Union Cent. Life Ins. Co.,* 123 Ky. 59 (93 S. W. 622, 124 Am. St. 313). In none of the cited cases, however, did the error in the prior judgment consist in the fact that the judgment was based on an unconstitutional statute.

Taxation is the rule; exemption from taxation, the exception. *Cassady v. Hammer,* 62 Iowa 359; *Trustees of Griswold College v. State,* 46 Iowa 275; *City of Sioux City v. Independent Sch. Dist.,* 55 Iowa 150. There is no exemption from taxation unless so provided by statute.

The prior decrees, in effect granting to the holders of stock of the bank an exemption from taxation to the extent of the

value of government securities held by the bank, were based on the statute. They were required by the provisions of the statute then apparently in force; they conformed to the statute, and were but the application of the statute to the matter in issue, the assessment of the shares of stock in the bank to the individual owners. It is claimed in argument that these decrees determined that the securities should be deducted for the reason that they were made nontaxable by Federal statute. An allegation to this effect is found in the petition in respect to the judgment on the assessment in 1919. It is, of course, true that the securities themselves were nontaxable, and this fact must be the ultimate basis of any claim of exemption made in the prior cases or in this. But that fact did not prevent their value from being taken into account in determining the value of the stock of the bank holding them, for the purpose of the assessment of the shares of stock to the individual holders. This is settled by the cases first cited.

Moreover, the force of the estoppel, if estoppel there be, is in the judgments themselves; not in the finding or reasoning of the court by which the conclusions were reached. 23 Cyc. 1218. See, also, *Linton v. Crosby,* 61 Iowa 293. The terms of the statute were plain and unambiguous; and, with its constitutionality then unquestioned, the basis for the decrees must be there found, and not elsewhere.

But with its unconstitutionality subsequently determined, what is the situation of the decrees rendered under it? If the decrees were merely erroneous, it may be conceded, the rule contended for would apply, and they would still be binding as adjudications of the matter then and now at issue, the right to deduct from the value of the shares of stock of the bank, in arriving at the assessed valuation of the stock, the amount of tax-exempt government obligations held by it. It is doubtless true, as argued by appellant, that the constitutionality of the statute in question could have been raised in the proceedings resulting in the decrees now relied upon as an estoppel; that it was as unconstitutional then as when so declared; and that it must be assumed it would have been so held, had the question been then raised. But that contention does not fully meet the situ-

ation.  Not only was the statute open to attack on constitutional grounds at the time the prior decrees were rendered, but when it was by this court declared to be unconstitutional, it ceased to be, as effectually as if it had never been passed.

It has been often said of an unconstitutional legislative act that it "is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." *Norton v. Shelby County,* 118 U. S. 425, 442 (30 L. Ed. 178); *Bonnett v. Vallier,* 136 Wis. 193 (116 N. W. 885, 17 L. R. A. [N. S.] 486); *Board of Highway Com. v. City of Bloomington,* 253 Ill. 164 (97 N. E. 280); *Oolitic Stone Co. v. Ridge,* 174 Ind. 558 (91 N. E. 944); *State v. Several Parcels of Land,* 78 Neb. 703 (111 N. W. 601); *Saratoga State Waters' Corp. v. Pratt,* 227 N. Y. 429 (125 N. E. 834); *Whetstone v. Slonaker,* (Neb.) 193 N. W. 749; *Peters v. Broward,* 222 U. S. 483 (56 L. Ed. 278).

"When a statute is adjudged to be unconstitutional, it is as if it had never been.  Rights cannot be built up under it." Cooley's Constitutional Limitations (7th Ed.) 259).

"Judgments and decrees rendered in the course of judicial proceedings under unconstitutional statutes are void."    12 Corpus Juris 801.

The case of *International Harv. Co. v. Commonwealth,* 170 Ky. 41 (185 S. W. 102), is cited in a note, as supporting the text.  That case involved an attempt to enforce the collection of a fine imposed under a statute subsequently held unconstitutional by the United States Supreme Court.  It was held that the conviction was void, the court saying:

"If the case here presented involved an attempt to enforce satisfaction of a void judgment in a civil action, whether void because the court in which it was rendered had no jurisdiction of the subject-matter or because it was founded on an unconstitutional statute, the defendant could, in either event, defeat its enforcement on that ground, or, without awaiting an action by the plaintiff for its enforcement, could himself, under the decisions in this jurisdiction, by suit enjoin its enforcement."

Reference is also made in the note to *Barton v. State,* 89

Tex. Cr. 387 (230 S. W. 989), where a judgment of lunacy had been rendered under a statute subsequently declared unconstitutional, and it was said:

"The judgment of lunacy upon which the appellant relies, being void because the law under which it was rendered was contrary to the Constitution of the state, was without force as a judgment."

In the case of *In re Fourth Drainage District*, 34 La. Ann. 97, another case there cited, it was held that judgments obtained for drainage taxes under a statute subsequently held to be unconstitutional were void.

Appellant's contention—leaving out of consideration the fact that here the property itself was not sought to be taxed— amounts to this: A judgment that certain specific property or property of a certain class is exempt from taxation in one year because such exemption is created by a statute, although the statute be subsequently adjudged to be unconstitutional, is, nevertheless, binding, as an adjudication of the question of exemption, upon the taxing power of the state in subsequent years, and operates to relieve the property and its owner of the burden of contributing to the public revenues. The doctrine makes no appeal to the sense of justice, and its tendency is to destroy equality of taxation between persons and property in the same situation. Nor are we persuaded that it finds justification in the law. We have been referred to no authority, nor has our research disclosed any, holding that a judgment based on a statute subsequently held to be unconstitutional is yet *res judicata* when the question is again presented after the statute has been declared void, and in respect to another subject-matter, though involving the same right.

To meet the contention of appellant, it is not necessary to hold that the former decrees are void for all purposes. No such question is before us. That they were more than merely erroneous, and subject to reversal on appeal, is clear from the cases cited. If it be conceded that they are final as to the right to have the deduction made in the years there involved, we think it does not necessarily follow that, when the statute upon which they were based is declared unconstitutional, they are binding

as *res judicata* in subsequent years. Not only had it been determined that the statute upon which the decrees were based was unconstitutional, with whatever proper effect that might have on the validity of the decrees themselves, but the legal situation as to the right to the claimed deduction for the purpose of taxation in other subsequent years had been changed.

Neither is it necessary to overrule the case of *Defries v. McMeans*, supra, in order to sustain the judgment below. That case held that an adjudication that certain property was not subject to tax in one year was binding as to the tax for subsequent years, and overruled the earlier case of *City of Davenport v. Chicago, R. I. & P. R. Co.*, 38 Iowa 633, where it had been held that:

"Each year's taxes constitute a distinct and separate cause of action, and the determination of the matters involved in the injunction suit reached no farther than the taxes of the years then in question."

It is not a criticism of the *Defries* case to point out that the taxes for different years are different things, although the right and authority to impose them may be the same, and when the latter is once determined, the adjudication is binding for subsequent years under the same circumstances. No vested rights are involved. The question now arises upon the assessment for another year. The binding effect of the alleged adjudication lies, not in any claim that the tax is the same, and not alone in the fact that the property is the same, but must be found, if at all, in the fact that the right to the exemption or deduction is the same in both cases. But when the situation has changed as respects the right to the exemption or deduction, the rule of the *Defries* case has no application.

The precise question whether a judgment based on a statute subsequently held to be unconstitutional is *res judicata* in a later case involving the same right to a tax exemption, but relating to the tax of a subsequent year, has not, so far as we have been able to find, been determined. The following cases, while not, therefore, directly in point, are, however, illustrative of the application that has been made of the doctrine, which we think is applicable here, that a prior judgment is not *res judicata* in a

subsequent suit, where, in the meantime, the legal situation has changed. In *Utter v. Franklin*, 172 U. S. 416 (43 L. Ed. 498), it was held that, where a plaintiff had been defeated in an action upon certain bonds by reason of a lack of power in the county issuing them, and a statute was passed curing the defect, the first adjudication was no bar to an action resting upon the statute. The court said:

"The judgment in that case was *res adjudicata* only of the issues then presented, of the facts as they then appeared, and of the legislation then existing."

To the same effect is *Steele County v. Erskine*, 98 Fed. 215, where it is said:

"Judgments declare the rights of parties at the time they are pronounced, but do not preclude the assertion of rights subsequently acquired."

In *City of Newport v. Masonic Temple Assn.*, 103 Ky. 592 (45 S. W. 881), certain property had been held to be exempt from taxation under the charter of the association owning it. The charter was repealed by a new constitution, and the former judgment was held to be no bar to a recovery of taxes subsequent to the repeal of the charter.

In *Guilford v. Western Union Tel. Co.*, 59 Minn. 332 (61 N. W. 324, 50 Am. St. 407), it was held that a third attempt to have issued certificates of stock in lieu of others alleged to have been lost was not barred by two prior judgments by which the plaintiff was required, as a condition precedent to the issuance of the new certificates, to give a bond to protect the corporation. The lapse of additional time since the original certificates had been heard from, the fact that no other claimant had appeared, and a subsequent declaration of legislative policy as to the terms upon which new stock certificates should be issued, were said to have so materially changed the situation that the same conditions should not be imposed as at the date of the former judgments. See, also, *Louisville v. Citizens' Nat. Bank*, 174 U. S. 436 (43 L. Ed. 1037); *Ligare v. Chicago, M. & N. R. Co.*, 166 Ill. 249 (46 N. E. 803); and *Campbell v. Gullo*, 142 La. 1082 (78 So. 124). The analogy between these cases and the one at bar, while not exact, is close in principle, and we perceive no suffi-

cient reason why the doctrine upon which they turned is not applicable, especially since it must be said that the decrees relied upon, being based on an unconstitutional statute, were not merely erroneous.

The subsequent determination that the statute was unconstitutional so changed the legal situation, as affecting the right to the deduction claimed, that the prior decrees holding the bank entitled to the deduction are not binding as *res judicata* in respect to the tax in subsequent years. The demurrer was properly sustained, and the judgment is—*Affirmed.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.