**CHICOT COUNTY DRAINAGE DIST. v. BAXTER STATE BANK et al.**

No. 11342.

Circuit Court of Appeals, Eighth Circuit.

April 29, 1939.

Rehearing Denied May 18, 1939.

E. L. McHaney, Jr., of Little Rock, Ark. (James R. Yerger, of Lake Village, Ark., Grover T. Owens and S. Lasker Ehrman, both of Little Rock, Ark., on the brief), for appellant.

Arthur J. Johnson, of Star City, Ark. (G. W. Hendricks, of Little Rock, Ark., on the brief), for appellees.

Before GARDNER and WOODROUGH, Circuit Judges, and OTIS, District Judge.

GARDNER, Circuit Judge.

This is an appeal from a judgment entered in favor of appellees, who were plaintiffs below, in an action on certain bonds owned by them and issued by the appellant Drainage District. The parties will be referred to as they appeared in the lower court. No question is raised as to the sufficiency of the pleadings. The defendant answered plaintiffs' complaint, which was in conventional form, pleading that in a bankruptcy proceeding brought in the United States District Court for the Eastern District of Arkansas, it had been adjudged in effect that the bondholders of the district, including the plaintiffs, were entitled to recover in that proceeding the sum of approximately $360 on each $1,000 bond; that under the terms and provisions of said decree, plaintiffs had no valid claim against the defendant but were forever restrained and enjoined from asserting any claim or demand whatever against defendant, except as provided in said decree.

The bankruptcy proceedings referred to were initiated on June 17, 1935, by filing in the United States District Court for the Eastern District of Arkansas, a petition for

authority to effect a plan of debt readjustment, pursuant to amendments to the Bankruptcy Act, adopted May 24, 1934, and designated as U.S.C.A. Title 11, Sections 301, 302 and 303. No question is raised as to the regularity of these proceedings as prescribed by the Act. Plaintiffs were made parties to said proceedings by publication of a notice thereof pursuant to order of the bankruptcy court, and by mailing to them personally a notice of said proceedings, which notice was received by each of them, but neither of them appeared therein either in person or by attorney. The decree which was entered therein on March 28, 1936, provided in part as follows: "(c) That all the old bonds and other obligations of the petitioning district affected by the plan of debt readjustment approved in this cause, whether heretofore surrendered and cancelled or remaining outstanding, and by whomsoever held, are hereby cancelled, annulled and held for naught as enforceable obligations of the petitioning district, except as herein provided, and that the holders thereof be and they are hereby forever restrained and enjoined from other wise asserting any claim or demand whatsoever therefor as against the petitioning district or its officers, or against the property situated therein or the owners thereof;"

No appeal was taken by the plaintiffs from the bankruptcy decree above referred to.

The lower court held that the decree in bankruptcy entered March 28, 1936, was void because the court was without jurisdiction of the parties plaintiff or of the subject matter; that the plaintiffs were therefore entitled to recover the full amount of their bonds, and judgment was entered accordingly.

 The determining question on this appeal is whether the bankruptcy decree constituted a defense to the maintenance of this action. The act amendatory of the bankruptcy laws under which the proceedings were had, culminating in the above-mentioned decree, was, subsequent to the entry of the decree, held to be unconstitutional because it materially restricted the states in the control of their financial affairs. Ashton v. Cameron County Water Improvement Dist., 298 U.S. 513, 56 S.Ct. 892, 80 L.Ed. 1309. It was held in that decision that the bankruptcy power of Congress does not extend to the states or their political subdivisions. This decree, as has been observed, purported to cancel the

obligations upon which the present suit was brought. The bankruptcy court rendering the decree here pleaded as res judicata was a court of limited jurisdiction. Smith v. Chase National Bank, 8 Cir., 84 F.2d 608; Nixon v. Michaels, 8 Cir., 38 F.2d 420. Its powers of compositions were fixed and limited by statute. Wheeling Structural Steel Co. v. Moss, 4 Cir., 62 F.2d 37. Its jurisdiction was therefore wholly dependent upon the amendatory act which was held to be unconstitutional in Ashton v. Cameron County Water Improvement District, supra. The act itself (Title 11 U.S.C.A. §§ 301–303) indicates that Congress was of the view that the bankruptcy court was without jurisdiction except as it might be conferred by that act. Section 302 provides as follows: "Until January 1, 1940, in addition to the jurisdiction exercised in voluntary and involuntary proceedings to adjudge persons bankrupt, courts of bankruptcy shall exercise original jurisdiction in proceedings for the relief of debtors, as provided in this chapter of this title."

Then follows Section 303, which provides that a municipality or other political subdivision may file a petition setting out that the district is insolvent or unable to meet its debts, and submitting a plan of readjustment. The requirements of the petition are described in the act, and it is provided that upon the filing of such petition, the judge shall enter an order either approving or dismissing it.

Without further detailing the proceedings purported to be authorized by the act, it is sufficient for the purpose of this opinion to state that the proceeding taken was that prescribed by the statute, and if the court acquired jurisdiction, it was because of a compliance with the procedure so prescribed, and not otherwise.

 If the decree was void, it could not be successfully pleaded as res judicata. McDonald v. Mabee, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608, L.R.A.1917F, 458. The act which purported to confer jurisdiction, being unconstitutional, was void and in legal contemplation was inoperative. Chicago, I. & L. R. Co. v. Hackett, 228 U.S. 559, 33 S.Ct. 581, 57 L.Ed. 966; Norton v. Shelby County, 118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178; Security Savings Bank v. Connell, 198 Iowa 564, 200 N.W. 8, 36 A.L.R. 486; Servonitz v. State, 133 Wis. 231, 113 N.W. 277, 126 Am.St.Rep. 955; 1 Black on Judgments, Sec. 216.

In Chicago, I. & L. R. Co. v. Hackett, supra, Mr. Justice Lurton, speaking for the Supreme Court with reference to the effect of an unconstitutional statute, said [228 U.S. 559, 33 S.Ct. 584]: "That act was therefore as inoperative as if it had never been passed, for an unconstitutional act is not a law, and can neither confer a right or immunity nor operate to supersede any existing valid law."

In Security Savings Bank v. Connell, supra, the Supreme Court of Iowa considered a plea of res judicata in which the judgments relied upon were based upon laws later declared to be unconstitutional. In the course of that opinion it is said [198 Iowa 564, 200 N.W. 10]: "If the decrees were merely erroneous, it may be conceded the rule contended for would apply, and they would still be binding as adjudications of the matter then and now at issue, the right to deduct from the value of the shares of stock of the bank in arriving at the assessed value of the stock the amount of tax-exempt government obligations held by it. It is doubtless true, as argued by appellant, that the constitutionality of the statute in question could have been raised in the proceedings resulting in the decrees now relied upon as an estoppel; that it was as unconstitutional then as when so declared; and that it must be assumed it would have been so held had the question been then raised. But that contention does not fully meet the situation. Not only was the statute open to attack on constitutional grounds at the time the prior decrees were rendered, but when it was by this court declared 'to be unconstitutional it ceased to be, as effectually as if it had never been passed."

Mr. Black, in his work on Judgments, Volume 1, Section 216, supra, states the applicable rule as follows: "But if the alleged jurisdiction of a court to take any particular action is derived from a statute, and that statute is shown to be unconstitutional, the proceedings of the court must be considered void, for as the stream cannot rise higher than its source, no jurisdiction can be derived from a void act."

The rule laid down by this court in Woods Bros. Construction Co. v. Yankton County, 8 Cir., 54 F.2d 304, is not in conflict. In that case, the jurisdiction of the court was not dependent upon the statute that had been declared unconstitutional after the entry of judgment. It was contended that the court had no jurisdiction to enter the original judgment. But we held that the court did have such jurisdiction. Here, the only authority of the bankruptcy court to act was dependent upon and derived from the statute which was declared by the Supreme Court to be unconstitutional. The decree entered was a nullity and constituted no defense to plaintiffs' action.

The judgment appealed from is therefore affirmed.

WOODROUGH, Circuit Judge (dissenting).

The appellant herein relies upon a judgment rendered by the District Court in a bankruptcy case during the interim between the time the Congress enacted the municipal corporations amendment to the Bankruptcy Act and the time the Supreme Court declared it unconstitutional. The question is, during that interim what was the state of our government in respect to that legislation? I assume that as to the acts of the Executive branch of the government founded thereon, they simply lost the sanction of the law when the law was held invalid. Probably the same is true as to administrative or quasi-judicial bodies. But it seems to me that our duly constituted courts, sitting in the various districts and circuits throughout the nation, functioning in equity, law or bankruptcy, remained clothed with judicial power, including the power to pass on the constitutionality of the law and that their solemn judgments in all cases, including bankruptcy cases, ought to be given full faith and credit unless appealed from and reversed. The amendment to the Bankruptcy Act affected very large property rights. I think it ought not to be held that there was a hiatus of governmental power in respect to them, or that the Supreme Court decision annulling the amendment operated retroactively to render void the final unappealed from judgments of all the courts that had passed on the amendment and adjudicated rights between litigants in respect to it. It ought to be held that government by law is continuous at least in the courts of the nation.