ALFONSO VALDÉS COBIÁN, Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY, Defendant and Appellee.

No. R-65-233. Decided December 23, 1966.

*McConnell, Valdés & Kelley,* and *Pablo R. Cancio* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Irene Curbelo, Assistant Solicitor General,* for appellee.

---

[1] Risk Servant and Employee, Key 0912-011.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Appellant was the owner of *"Castillo Valdés"* located near the city of Mayagüez on a lot of about nine cuerdas. The property was condemned by the Commonwealth. The petition was filed on January 30, 1961. On that date the Commonwealth was vested with title.

On July 1, 1960 the Secretary of the Treasury served notice on appellant of the property tax for the fiscal year 1960–61. Appellant paid for the whole year the amount of $1,336.68 on the following July 29.

On the ground that since June 2, 1960, the real property was affected by a public improvement project and availing himself of the provisions of Act No. 60 of June 20, 1958, 13 L.P.R.A. § 597 *et seq.*, the taxpayer requested the Secretary to reimburse the tax paid. The Secretary denied the petition for reimbursement "because since plaintiff was the owner of the property on January 1, 1960 and the property not being affected by the public improvement project as of that date, [the Secretary] believed that the tax had been properly levied and therefore the reimbursement requested was inappropriate."

The case was submitted on the following stipulation:

"2. That both parties have agreed to stipulate and do hereby stipulate that the property in question was unoccupied and unused, wherefore all the facts alleged in the petition shall be considered as admitted by the defendant.

"3. That both parties have agreed to stipulate and do hereby STIPULATE that as of June 2, 1960 and during all the time comprised in the fiscal year referred to in the complaint, and even thereafter, the property in question, besides being unoccupied and unused, did not produce any rent and it was impossible for plaintiff to construct on the property or to make any

improvement because said property was affected by a public improvement project.

"4. That by virtue of this STIPULATION, the question at issue between the parties is purely a question of law and it boils down to the Court determining, without the need for additional evidence, whether, in order for plaintiff to avail himself of the exemption provided by Act No. 60 in question, it was necessary that the conditions which give rise to the exemption should have existed on January 1, 1960, as defendant maintains, or whether, on the contrary, as plaintiff maintains, the controlling factor is that said conditions should exist during the fiscal period comprised from July 1, 1960 to June 30, 1961."

Upon deciding the question the trial court stated:

"It is a rule generally accepted in matters of property taxes that the law in force when the tax is assessed is controlling as to which properties are exempted and which are not. Likewise, it is accepted that a tax exemption should not be given a retroactive effect unless this intention is clearly expressed in the statute. 2 Cooley 1373, 1374, 4th ed. If the property is not tax exempt at the time it is assessed even though it is subsequently exempted, the tax should be paid for that year, *National Hats Co. v. Sancho, Treas.*, 65 P.R.R. 226, since tax liability arises at that time and not July 1 or January 1 of the following year. *Teachers' Ass., Etc. v. Treasurer*, 54 P.R.R. 511."

Let us examine the law invoked by appellant in order to determine whether the action of the trial court is correct.

Act No. 60 exempts "from the payment of land taxes those properties totally or partially affected by the official map approved by the Planning Board pursuant to sections 11 and 19 of Act No. 213 of 1942, as well as those included within a "P" district of a zoning map and within any public improvement projects in zoned areas duly approved which may require the purchase or condemnation of said lots for the carrying out of said projects."

Among the requirements imposed in order that the owners of built-on lots may enjoy the benefits of the law is the requirement that the lots "unoccupied or unused, and not

yielding revenue are hereby exempted from all property tax for so long as they remain in such condition and during the subsistence of the impediment to construct, which is the ground for the exemption."

The judgment rendered by the trial court is correct. In *National Hats Co.* v. *Sancho, Treas.*, 65 P.R.R. 226 (1945) we cited from 2 Cooley, Taxation, § 712, 4th ed. the following:

"If property is not exempt on the tax day, it is liable to taxation for the fiscal year although it afterwards becomes exempt. For instance, it has been decided that where land has become liable for taxes it remains so for that year although subsequently acquired for purposes rendering it exempt. So where a constitution forbidding exemptions goes into effect after the time fixed for the assessment of property, the right to exemption from taxation for that year is not affected."

And we further stated:

"In *Sisters of the Poor* v. *New York*, 3 N.Y. Supp. 433, 20 N.E. 417, cited by Cooley, it was held that property taxable when the books were open for correction of assessments, but afterwards, before they were closed, was transferred to a corporation the property of which was exempt, does not thereby become exempt. And in *Swan* v. *State*, 77 Ala. 545, it was held that where the tax year, as far as it related to real estate, began on January first and certain lands were declared to be exempt from taxation for eight years from May 1, 1876, the term of exemption began with the year 1877. Likewise in *City of Newport* v. *Masonic Temple Association*, 45 S.W. 881, it was held that where the property was exempted from taxation by the defendant on the same day on which they were levied, the right of exemption was not affected by the limitation on exemptions contained in the Constitution approved subsequent to said date."

See also *Buscaglia, Treas.* v. *Tax Court*, 63 P.R.R. 37 (1944) and *Teachers' Ass'n, Etc.* v. *Treasurer*, 54 P.R.R. 511 (1939).

The Act has fixed a certain day to assess tax liability. That day is the first of January of each year, 13 L.P.R.A. § 450. If on that date a tax liability exists, the obligation to pay the tax corresponding to the fiscal year which begins

the first of the following July arises. Since on January 1, 1960 the *"Castillo Valdés"* was not affected by a public improvement project the taxpayer is not entitled to the tax exemption granted by Act No. 60 of 1958. The taxpayer would be entitled, meeting the requirements established by the Act on January 2, 1961, to enjoy the benefits thereof next tax year.

The judgment rendered by the Superior Court, San Juan Part, on October 6, 1965, will be affirmed.

Mr. Justice Hernández Matos dissented.