H. S. HOOVER, Appellant, v. IOWA STATE HIGHWAY
COMMISSION, Appellee.

No. 40287.

APRIL 14, 1930.

*Thomas J. Bray,* for appellant.

*John Fletcher,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, *Devitt, Eichhorn & Devitt,* and *McCoy & McCoy,* for appellee.

DE GRAFF, J.—Plaintiff-appellant, H. S. Hoover, is the owner of 100 acres of land, situated about 5 miles southeast of the city of Oskaloosa, Mahaska County, Iowa. About 16 acres of said farm lie across and northeasterly from the Chicago, Burlington & Quincy Railroad right of way, and the remainder of the farm is to the south and west, immediately adjoining said right of way. On the latter acreage are the farm improvements. Old United States Highway No. 63 extends east and west along the north boundary of plaintiff's farm. The proposed new highway extends through plaintiff's farm, parallel and immediately adjacent to the Q right of way, in a southeasterly direction, intersecting old Highway 63 at a point where the latter crosses the Q right of way. The new highway is 120 feet in width until it approaches the improvements on plaintiff's farm, and then is 80 feet wide. The said improvements are on a 10-acre tract, near the intersection of the old and the proposed new highway. Between the buildings and the proposed highway is what is termed the old orchard, which consists of a few fruit trees and some soft maples. These are located about east of the house.

In September, 1928, the defendant commission established the new highway, and condemned through plaintiff's land. This highway was established in a straight line immediately adjacent to the Q railroad, and continues in a straight line for miles

northwesterly and southeasterly. The attached drawing will assist in visualizing the topography of the situation. The new highway is constructed and paved, with the exception of the orchard strip, which is now in controversy. The commission, in order to connect the two paved segments of the highway, utilized temporarily 28 feet of the Q right of way, by way of detour around plaintiff's orchard. This strip has been graveled and is now in use, and apparently awaiting the outcome of this appeal.

Prior to the change of the law in force in 1928, the Highway Commission condemned a strip of land on plaintiff's farm adjacent to the Q right of way, and extending in a straight line through plaintiff's farm. This condemnation proceeding, known as No. 15377 on appeal in the district court in and for Mahaska County, included the land which is now asserted to be plain-

4

tiff's orchard and garden. Subsequently to the first condemnation proceeding, plaintiff Hoover, by independent action, enjoined the Highway Commission from taking possession of that part of his land comprising the orchard and garden. This phase of the matter may be found in *Hoover v. Iowa State Highway Com.*, 207 Iowa 56; but it is not involved here, except as a matter of history.

Subsequently to the injunction proceeding aforesaid, the general assembly of Iowa changed the law (Section 1487, Code, 1897, as amended, found in Section 4566, Code, 1927), and thereafter the Highway Commission recondemned that part of the plaintiff's land upon which his orchard was situated. This cause on appeal in the district court of Mahaska County is known as No. 15848, and the petition on appeal therein was filed September 30, 1929. On July 23, 1929, plaintiff Hoover brought a second injunction action against the defendant Highway Commission, which suit was after notice of the condemnation proceeding had been served upon him, but prior to the meeting of the condemnation commission and the award of damages. This second injunction petition alleges:

"And that it is the intention of the defendants, so acting, to take possession of said parcel of land immediately after the damages have been appraised, and remove and destroy plaintiff's orchard and ornamental trees in rounding the corner of said highway, destroy his lawn, and make a deep excavation in front of and close to the dwelling house. That it is provided by Chapter 21, Acts of the Forty-third General Assembly, which became effective July 4, 1929, that no ground shall be taken by the State Highway Commission for the rounding of a corner where the dwelling, lawn, and ornamental trees connected therewith are located at such corners, except by the consent of the owner thereof; that plaintiff has not consented, and does not consent, to the taking of said ground; and that the plaintiff refuses to permit said ground to be taken and used for said purpose."

In this petition the plaintiff also alleges, in a separate paragraph:

"That it is provided by Section 7845, 1927 Code of Iowa, that a landowner shall not be dispossessed, under condemnation

proceeding, of his residence, dwelling house, outhouse, orchard, or garden, until the damages thereto have been finally determined and paid; that the defendant, acting as aforesaid, intends to take possession of plaintiff's said ground immediately after the damages have been assessed by said commission, regardless of whether the amount of damages which shall be awarded by said commission is adequate and satisfactory to plaintiff, and regardless of whether the plaintiff will appeal therefrom; that the defendants, so acting, intend to violate the provisions of said Section 7845 of the 1927 Code of Iowa, and that by said action of the defendants the plaintiff will be dispossessed of his orchard before the damages which he has sustained will be finally determined and paid.''

This cause is known in the district court of Mahaska County as No. 15830.

Subsequently, and on July 31, 1929, the district court of Mahaska County entered an order in said Cause No. 15830, in which a temporary injunction restraining the defendant from condemning the real estate owned by the plaintiff was denied; but in said order, the prayer of plaintiff's petition for temporary injunction restraining the defendants from taking possession of plaintiff's orchard until the damages which he will sustain are finally determined and paid, was not at that time determined, but was taken under advisement, to be determined at a later date. Subsequently, on the 3d day of August, 1929, the said court entered a further order in said proceeding No. 15830, in which a temporary writ of injunction was ordered to issue, restraining the defendants from taking possession of the land upon which said orchard is located, until the damages sustained by the plaintiff were determined in the district court of Mahaska County, if plaintiff should, within 30 days from the date of said condemnation award, appeal to said district court, and until any appeal to the Supreme Court of Iowa from the damages awarded in said district court is determined, and until the amount of damages finally awarded to the plaintiff are paid, or until the final hearing and determination of this cause in the district court of Mahaska County.

On the 5th day of September, 1929, the defendant Commission filed a motion to dissolve the temporary injunction in said Cause No. 15830, and the said district court, on September

14, 1929, overruled the motion to dissolve; and thereafter the defendant filed a motion to dismiss plaintiff's cause of action, which was also overruled. On the 23d day of October, 1929, the plaintiff filed an amendment to his petition in Cause No. 15377, which he designates as Count 2, and in which he challenges the legality of the first condemnation proceeding. On the 23d day of October, 1929, the plaintiff filed in said cause (No. 15377) a motion to transfer Count 2 to equity; and on the 24th day of October, 1929, the defendant in said cause filed a motion to strike Count 2 from said plaintiff's petition. The motion to transfer made by the plaintiff and the motion to strike by the defendant were not ruled upon by the district court. On September 30, 1929, plaintiff filed a motion to transfer to equity Count 1 in Cause No. 15848, and on the 25th day of October, 1929, the defendant filed a resistance to the motion to transfer, and a motion to strike Count 1 (equitable issue) of plaintiff's petition in said cause. On the 25th day of October, 1929, the district court overruled the defendant's motion to strike Count 1 of plaintiff's petition, and sustained plaintiff's motion to transfer to equity the equitable issue raised in Count 1 of said petition in Cause No. 15848. On November 4, 1929, the defendant answered in Cause No. 15848. In both his motion and the answer, the defendant presented the issue of prior adjudication as to the equitable issue raised in Count 1. The appeals known as Causes No. 15377 and No. 15848 were consolidated for trial. On the 4th day of November, 1929, the equitable issue raised in Count 1 of plaintiff's petition in Cause No. 15848 was tried to the district court, and on said day the court entered an order dismissing Count 1 of plaintiff's petition, and entered judgment against plaintiff for costs; hence this appeal to this court.

Two primary propositions are involved: First, whether the contention of plaintiff on the theory of *rounding a corner* is sustained by the evidence; second, whether the prior decree of the district court in Cause No. 15830 adjudicated the equitable issue presented on this appeal.

I. The primary contention of the appellant is that the defendant commission is "rounding a corner" on plaintiff's land in connecting the two paved segments heretofore mentioned,

and as shown on the plat herein. This contention is based on a so-called statutory exception in Chapter 21, Acts of the Forty-third General Assembly, Subdivision C of said chapter, relative to the establishment of primary roads. So far as material to the instant case, this section reads:

"Nor shall any ground be taken for the rounding of a corner where the dwelling house, lawn and ornamental trees connected therewith are located at such corner, except by consent of the owner thereof."

The question then is, Does the proposed highway round a corner? It is quite apparent from the plat in evidence and the testimony offered upon the trial that the establishment of the highway is in a straight line. The testimony of plaintiff Hoover discloses that, if the commission could secure the right of way as condemned through his land, "it would get their straight line through, as in the original condemnation proceeding," although the so-called orchard and the yard would in part be appropriated. As heretofore pointed out, after the first condemnation proceeding by the commission, the general assembly of Iowa changed the law as to primary roads, which theretofore prohibited the establishment of a road through any garden, orchard, or ornamental ground contiguous to any dwelling house, without the consent of the owner. Section 1487, Code, 1897, as amended, found in Section 4566, Code, 1927. This provision was made inapplicable by Chapter 21, Acts of the Forty-third General Assembly (effective July 4, 1929); but, as stated, the "rounding of a corner" was inserted in the law.

A straight line, according to geometric definition, is the shortest distance between two points. "Round" means "to give curved form to; not angular; to go round wholly or in part; to go about a corner or point." Webster's New International Dictionary. In the instant case, this definition is applicable. There was no rounding of a corner. There was no corner. The language of the statute is simple, and means what it says. It is obvious that U. S. Highway 63, as originally established and as now established, goes through plaintiff's land in a straight line, and continues in such straight line in both directions as it passes through the plaintiff's land. It is elemen-

tary that all private property is held subject to the right of eminent domain, except in cases specifically exempted by statute. We discover no merit in the contention of appellant in this particular.

II. Was the equitable issue adjudicated in a prior cause, to wit, No. 15830? A judgment or decree is conclusive of whatever has been litigated in an action in which it was rendered,  and, therefore, the facts bearing upon the original cause of action, or which might have been presented in the first action, as distinguished from facts which have accrued since that action, are not sufficient to sustain a new suit. 34 Corpus Juris 811; *Merrifield v. Clark*, 199 Iowa 171, 176. To constitute a former adjudication, it is not necessary that both actions should be in the same form. In the instant case, both were tried in equity. It is only necessary that both actions should affect the same parties, involve the same subject-matter, determine the same cause of action. *Coffin v. Knott*, 2 G. Greene 582; *Baxter, Reed & Co. v. Myers*, 85 Iowa 328; *Hahn v. Miller*, 68 Iowa 745; *Hawk & Co. v. Evans*, 76 Iowa 593.

The foundation theory on which the doctrine of *res adjudicata* rests is that parties ought not to be permitted to litigate the same issue more than once. 15 Ruling Case Law 953, Section 430. The situation confronting us on this proposition, briefly stated, is this: There was a condemnation, as provided by law, of the .81 acre claimed by plaintiff to constitute his orchard, etc. A petition was filed by plaintiff in equity, seeking injunctive relief to restrain the defendant commission from condemning this particular land, and the petition was filed in Case No. 15830; and, *inter alia*, it is alleged that "no ground shall be taken by the State Highway Commission for the rounding of a corner where the dwelling house, lawn, etc., connected thereto are located at such corner." Trial was had upon this petition, and an order was entered reciting that evidence had been introduced in behalf of both plaintiff and defendant, and that it was ordered that the prayer of plaintiff's petition for a temporary writ of injunction restraining defendant from condemning the real estate be denied. The appellant seeks, in Count 1 of Cause No. 15848, on this appeal, the same relief as in Cause No. 15830. The latter petition presents the same issues,

with the same parties and subject-matter, involving the same strip of ground, that were involved, presented, and determined in Cause No. 15830. There was no appeal taken from the order first entered.

Under this state of facts, the plea of prior adjudication interposed by the defendant in motion and answer was good. It is obvious from a reading of the petitions filed that the issue as to "rounding a corner" is involved in both cases. With this view of the situation, we are satisfied that the trial court on both propositions ruled correctly, and the decree entered is, therefore,—*Affirmed.*

MORLING, C. J., and STEVENS, FAVILLE, and ALBERT, JJ., concur.

WAGNER, J., not participating.