**WILLIAMS, Trustee, Plaintiff-Appellee, v. LEDBETTER et, Defendant-Appellees, and BOYCE et, Defendant-Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 7194.　Decided January 23, 1950.

Ragland, Dixon & Murphy, Cincinnati, for plaintiff-Appellee.

Carl L. Meier, William J. Walsh, Cincinnati, for defendant-appellees.

Kytle, Conlan & Heekin, John D. Boyce, Lucien Wulsin, Jr., Cincinnati, for defendant-appellants.

## OPINION

By MATTHEWS, J.:

This is an appeal on law and fact from a judgment construing the will of John Mackey, deceased, and determining the beneficiaries to whom the corpus of a trust fund thereby created should be distributed on the termination of the trust. The action was instituted by the trustee and certain claimants were made defendants. Whether all persons having an interest are parties depends upon the true interpretation of the will submitted for construction herein. The parties are agreed as to the data upon which our conclusion must be based. That conclusion can only be reached by determining the meaning and extent of the testamentary intent of John Mackey as disclosed by his will and the application of that intent to the existing situation.

John Mackey executed his will on the 8th day of April, 1907. He died on July 19th, 1908, and his will was duly admitted to probate by the Probate Court of Hamilton County, Ohio, on the 23rd day of July, 1908. On June 23rd, 1909, the plaintiff herein was appointed trustee and on December 29th, 1909, the executors paid to him $20,000.00 to be held and disposed of in accordance with the terms of said will.

John Mackey left surviving him as his next of kin the following persons: Ella B. Strong, a niece; Wm. N. Allen, a nephew; George R. Boyce, a nephew; Sarah Sullivan, a niece; Edward Buckley, a grand-nephew; and Lydia Richter, a grand-niece.

In his will, he described his nieces and nephews as "his principal devisees." He bequeathed to Ella B. Strong $25,000.00 absolutely; to William N. Allen $20,000.00 absolutely; to George R. Boyce $20,000.00 absolutely; and to Edward Buckley and Lydia Buckley $5,000.00 to share equally; and $10,000.00 to certain friends, and $4,000.00 to religious and charitable institutions. These specific bequests totaled $104,000.00, and

he provided that if his estate exceeded that amount "such excess shall be equally divided between the four principal devisees, viz.: Ella B. Strong, William N. Allen, George R. Boyce and Sarah Sullivan."

The estate did exceed $104,000.00, and that excess was paid by the executors to the legatees in accordance with the aforesaid provision.

While he described his niece Sarah Sullivan as one of his "principal devisees, the specific bequest to her was not given to her outright and unconditionally. That dispositive provision in her favor is found in the second paragraph on page 2 of the will, and is as follows:—

"I give and bequeath to my niece Sarah Sullivan, the daughter of my beloved sister, Sarah Buckley, of Cincinnati, Ohio, the sum of twenty thousand ($20,000.00) Dollars, to be held in trust for her absolutely during her natural life and at her death her share shall remain in trust for the benefit of her daughter Marie who shall receive the income of the same during her natural life, and at the death of the said Marie, should she survive her mother, then the aforesaid share shall be equally divided between the remaining principal devisees."

The person described in this provision as Marie, the daughter of Sarah Sullivan, is identified as Marie Rockwell Smith, also known as Marie Cranston.

By a latter provision of the will, the testator provided that if any beneficiary should "oppose the disposal of my estate as I have seen fit to divide the same, then any such beneficiary shall be cut off and debarred absolutely from any and all benefits named in this will, and the share or shares shall be equally divided among the four principal devisees." And in the same paragraph, he also provided that: "I further direct if one or more of the principal devisees should die, the same having one or more children, their share or shares shall be equally divided among their said children, not however until the youngest is of legal age, they to receive the income of the same. Should one or more of my principal devisees die without issue (children), then his or her share shall also be equally divided among the remaining principal devisees."

Sarah Sullivan did not die without issue. Her daughter Marie survived her. There is a suggestion that she had other surviving children.

None of the "principal devisees" survived Marie Rockwell Smith, also known as Marie Cranston, who died on July 27th,

1947. Ella B. Strong died on August 3rd, 1933; Sarah Sullivan died on January 15th, 1937; George R. Boyce died on June 14th, 1938; and William N. Allen died on January 6th, 1940.

The present claimants to the corpus of this trust fund are— Irene A. Ledbetter and William N. Allen, Jr., children of William N. Allen, and Arthur Hewitt, surviving husband, and Allen E. Hewitt, surviving son of Bessie Hewitt, deceased daughter of William N. Allen; William B. Strong, son of Ella B. Strong; and John Boyce and Grace Boyce, adopted children of George R. Boyce.

Neither the grand-niece nor grand-nephew, nor anyone claiming through them are parties to this action. No one representing that class was a party to the action.

(1) On October 24th, 1911, the trustee of Sarah Sullivan and Marie Rockwell Smith, filed an action in the Superior Court of Cincinnati against all the "principal devisees," setting forth the creation of the trust, his appointment as trustee, and the payment of Twenty Thousand ($20,000.00) Dollars to him, to be held in trust for the use and purposes of the trust created in "paragraph 2 on page 2 of said last will and testament of John Mackey." It was also alleged that divers questions had arisen and would arise and that the trustee had been advised and believed that it was necessary to the proper execution of the trust "under said paragraph of said last will" that he should receive the instructions of the court. He, therefore, prayed "judgment as to the meaning, correct interpretation, construction, and effect of the aforesaid paragraph —— that this plaintiff may be instructed how and in what manner he is to apply the income received from said legacy —— and to whom said income —— is to be paid during the natural life of Sarah Sullivan and Marie Rockwell Smith and in what proportions; that this plaintiff may be advised —— in what manner he is to apply the principal of said legacy" and that he may be instructed as to any other questions "which may arise in the administration and execution of the trust created in the paragraph of said will hereinbefore fully set forth."

Paragraph 2 on page 2 of said will which was fully set forth in said petition was:

"I give and bequeath to my niece Sarah Sullivan, the daughter of my beloved sister, Sarah Buckley, of Cincinnati, Ohio, the sum of twenty-thousand ($20,000.00) Dollars, to be held in trust for her absolutely during her natural life and at her death her share shall remain in trust for the benefit of her daughter Marie who shall receive the income of the same

during her natural life, and at the death of the said Marie, should she survive her mother, then the aforesaid share shall be equally divided between the remaining principal devisees."

A full copy of the will was attached to and made a part of the petition.

At the time the petition was filed in the Superior Court of Cincinnati, all the "principal devisees" were living, were parties to the action, and continued to live until long after the judgment in the case was entered. Each of them filed answers asserting that according to the provisions of the last will and testament of John Mackey, deceased, he or she, as the case might be, was entitled to a one-third of said legacy referred to in plaintiff's petition, subject to the life estates of said Sarah Sullivan and Marie Rockwell Smith, and each prayed that the court in "construing said paragraph of said last will —— may adjudge this defendant to be entitled to the said one-third subject to the life estates of said Sarah Sullivan and Marie Rockwell Smith and for such other and further relief" to which he or she might be entitled in equity.

No reply was filed and no issue was raised in the pleadings as to the correct construction to be placed upon this language of the will. Certainly, no issue was presented as to the contingency of Marie Rockwell Smith surviving her mother and all the "principal devisees."

On these pleadings, a judgment was entered. The specific date of the entering of this judgment does not seem to appear in the record. However, it was manifestly entered shortly after the petition was filed, probably in 1911, and during the life of all the "principal devisees" and of Sarah Sullivan. If the specific date should be deemed material, it may be supplied, but as the Court sees it, the exact date is unimportant.

In this judgment, after reciting that this cause came on for hearing upon the pleadings, the evidence and the arguments of counsel, and, after making certain immaterial findings, found that "Paragraph 2 on page 2 of said last will and testament of John Mackey, deceased, provided as follows:" —— Then followed the quotation of Paragraph 2 of said will.

Then, after finding that the parties to the action were those named in the will, the court proceeded to find that "diverse and important questions have arisen" as to the interpretation and effect "of paragraph 2 on page 2 of said last

will and testament of John Mackey, deceased, which said paragraph of said will is hereinbefore set forth."

Coming then to construe "the last will and testament of John Mackey, deceased, and of said paragraph 2 on page 2 thereof" the court found that its meaning and effect was "That the defendant Sarah Sullivan be entitled to receive and shall receive the income only from said legacy of twenty thousand ($20,000.00) dollars referred to in plaintiff's petition for and during her natural life after deducting from said income all such expenses, costs and fees as may be properly and legally charged against the same by said plaintiff in and about the administration and execution of said trust."

"That the said defendant, Marie Rockwell Smith, a minor of the age of seventeen years be entitled to receive and shall receive for and during her natural life the income only from said legacy of twenty thousand ($20,000.00) dollars, referred to in plaintiff's petition, from and after the death of her mother, Sarah Sullivan, after deducting from said income all such expenses, costs and fees as may be properly and legally charged against the same by said plaintiff in and about the administration and execution of his trust."

"That the defendants George R. Boyce, William N. Allen and Ella B. Strong are entitled to receive and shall receive one-third each of said principal of said legacy of twenty thousand ($20,000.00) dollars remaining, upon the death of the said Sarah Sullivan and Marie Rockwell Smith; that the amount to be received by the said defendants, George R. Boyce, William N. Allen and Ella B. Strong shall be subject to the life estates of said Sarah Sullivan and Marie Rockwell Smith in the income derived from said legacy and to the payment from said legacy of all such expenses, costs and fees as may be properly and legally incurred by the plaintiff herein in and about the administration and execution of his trust."

It appears from the will of John Mackey and also from the agreed facts that in addition to his "principal devisees" he was survived by a grand-niece and grand-nephew, children of a deceased nephew, who were of his next of kin, but were not made parties to or mentioned in the Superior Court action. And they are not parties or represented in the present action.

It will be observed that nothing was adjudicated as to the effect of Marie Rockwell Smith surviving her mother and all of the other "principal devisees," and it will also be observed that no mention was made as to the effect of a possible par-

tial intestacy, resulting from such development and, yet, it is claimed that the judgment of the Superior Court of Cincinnati has decided this question, notwithstanding it was not mentioned at the time and did not in fact arise until the death of Sarah Sullivan on January 15th, 1937, and probably not until the death of Marie Rockwell Smith on July 27th, 1947. The judgment must be given first consideration, because if its effect is as claimed, it disposes of this case.

It strikes one at once that to hold that the Superior Court judgment is an adjudication of the rights of the children of the deceased nephew, and perhaps others, would violate the fundamental rule that only parties to an action are concluded thereby. And the fact that necessary parties to a complete determination of an issue were absent is very persuasive that there was no intention to pass upon that issue as to any of the parties and almost conclusive in the absence of direct and positive language to the contrary. There is no such language in the judgment. It is only by giving a specific meaning to general language can it be determined that the court intended to adjudicate this question.

The Supreme Court had the subject of res adjudicata and estoppel by judgment under consideration in **Norwood v. McDonald, 142 Oh St, 299,** and in its opinion covered almost every, if not every, phase of the subject. It reduces our problem to a determination of the class into which the case at bar falls. We believe the rules set forth in the sixth and eighth paragraphs of the syllabus govern this case. These paragraphs are:

"Where a judgment is relied on by way of evidence as conclusive per se between the parties in a subsequent suit, it must appear by the record of the former suit that the particular controversy sought to be precluded was therein actually or necessarily tried and determined."

"While all claims of right embraced in a single cause of action must be prosecuted simultaneously, a litigant cannot be required to prosecute simultaneously in a single action multiple causes of action, even though they relate to the same subject matter."

In 30 Am. Jur., 943 (Sec. 206) it is said:

"However, where, after the rendition of a judgment, subsequent events occur, creating a new legal situation or altering the legal rights or relations of the litigants, the judgment

may thereby be precluded from operating as an estoppel. In such case, the earlier adjudication is not permitted to bar a new action to vindicate rights subsequently acquired. In this connection, it has been declared that a judgment is not res judicata as to the rights which were not in existence at the time of the rendition of the judgment."

The action in the Superior Court of Cincinnati was one for interpretation of the will and for instructions to the trustee as to his duties. It invoked the equity powers of the court over trusts and trustees. In doing so the plaintiff trustee subjected himself to the limitations upon the exercise of that power as determined by the usage and practice of that court. One of the time honored rules of chancery courts was that it would not give instruction or make a declaration unless there existed some present reason for so doing. It would not make a declaration of rights or instruct a trustee as to rights or duties under possible future circumstances that might never arise. In 16 Am. Jur., 292 and 293, it is said: "As a general rule, the courts will not render a declaratory judgment as to future rights, but just as in ordinary actions will wait until the event giving rise to the rights has happened, or, in other words, until the rights have become fixed under an existing state of facts. —— Hence the courts will not ordinarily attempt to decide or declare the rights or status of parties upon a state of facts which is contingent or uncertain, or until the question as to which a declaration is sought has actually arisen. This rule is similar to the one observed where the guidance of an equity or probate court is sought under the practice which prevails independent of declaratory judgment statutes."

Section 259 of Restatement of Law of Trusts (1 Restatement, p. 806) the fundamental rule is stated that a trustee who is reasonably in doubt as to his duties may apply to the court for instructions. Comment c. to that section is: "The court will not instruct the trustee as to questions which may never arise or may arise in the future but which have not yet arisen. Thus, the court will not instruct the trustee as to the distribution of the trust property before the time for distribution arrives."

We do not mean to imply that it is our view that a declaration as to rights or status that are contingent or uncertain and would arise in the future, if at all, would be void. What we do mean to say is, that when we are construing this judgment we must consider that to construe it as claimed would require us to disregard the settled practice in such cases, which,

when taken with the fact that there was an absence of necessary parties to make any such declaration effective and conclusive, has led us to conclude that the court made no declaration on the issue now before the court. The extent of the declared intention of the testator remains to be decided as an original question in this case.

(2) We have quoted the provision of the will creating this trust and also the only other provision that could have any tendency to indicate an intention on the part of the testator to direct the disposition of the corpus of this fund upon the termination of the trust under the circumstances that developed. We have considered these provisions with a consciousness of the rule against so construing a will as to create a partial intestacy, but, after giving full weight to that rule, we conclude that the testator never contemplated any such development, and, therefore, completely failed to make any provision for it. The court cannot interpolate a provision for the testator.

Much has been said about the distinction between vested and contingent estates, and the distinction between conditions precedent and conditions subsequent, which would be of more or less importance if the testator had used language to which such rules could be applied. The absence of testamentary language makes it immaterial whether an estate would have vested or been defeated upon the death of Marie Rockwell Smith, had a "principal devisee" survived.

A reading of the quoted provisions shows that whether the "remaining principal devisees" had a vested or contingent future estate in the corpus of this trust fund, they could only come into enjoyment in the event that they survived the life beneficiaries. The "remaining principal devisees" were the only beneficiaries mentioned by the testator to take upon the termination of the trust. All four having died before Marie Rockwell Smith, the life beneficiary, there was no remaining beneficiary and no testamentary direction as to the disposition of the fund. The case, therefore, presents the situation of a testator failing to anticipate a development and, for that reason, failing to make provision for it.

As we construe this will, the life estates of Sarah Sullivan and Marie Rockwell Smith, and the provision for the "remaining principal devisees" did not exhaust the entire title of the testator in this trust fund. There remained a residuum undisposed of by the will. This residuum or reverter, resulting from the absence of "principal devisees," was cast upon his next of kin at the time of his death, as determined by

298

the statutes of descent, and now belongs to those persons who can trace title from them. The adopted children of George R. Boyce inherit his share of the trust fund. All such persons should be made parties to this action for the decree to be an effective shield to the trustee.

A decree may be presented in accordance with this opinion.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.