Philadelphia *v.* Wyszynski, Appellant.

Argued January 12, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Harry R. Back,* with him *Arthur E. Dennis, Lester H. Novack,* and *Dennis, Rotman, Gorson & Cohen,* for appellants.

*James L. Stern,* Deputy City Solicitor, with him *Matthew W. Bullock, Jr.,* Assistant City Solicitor and *Abraham L. Freedman,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE JONES, March 14, 1955:

The City of Philadelphia filed a complaint in equity against Roman Wyszynski and his wife to enjoin them from operating a commercial meat-smoking and processing plant on their property which is located in a district of the City zoned "A" Residential. It is not disputed that the pertinent zoning ordinance does not permit a commercial meat-processing plant in an "A" Residential district which is the most highly restricted classification designated by the zoning ordinance. Approximately forty-seven neighboring property owners were permitted to intervene as plaintiffs in the proceeding. A supplemental complaint filed by the intervening plaintiffs averred that, in addition to the City's allegations, the meat-processing plant constituted a nuisance. In their answer, the defendants denied that they were maintaining a nuisance and averred that the operation of their processing plant was a lawful use of the property by virtue of a use registration permit once issued to them by the City. There was a trial of the issues and, in due course, the chancellor filed an adjudication wherein he concluded that the evidence failed to sustain the

intervening plaintiffs' allegation of nuisance but that operation of the meat-processing plant was a violation of the zoning laws inasmuch as the use registration permit originally obtained by the defendants, and later revoked by the City, did not authorize *commercial* processing of meat on the defendants' property. The chancellor accordingly entered a decree *nisi* enjoining the defendants' operation of the meat-processing plant unless and until a proper permit therefor was obtained from the City. Exceptions to the decree *nisi* were dismissed by the court en banc which entered a final decree carrying out the restraint of the defendants.

The defendant property owners have appealed. They contend that the commercial use which they have made of their property was authorized by the use registration permit originally issued to them but which the City improperly revoked and, alternately, that a court of equity is without jurisdiction in the premises. The learned court below answered the appellants' contentions adequately and correctly, and nothing is to be gained by our repeating in detail what Judge DAVIS so well said in his opinion for the court en banc.

As the court below justifiably found or concluded, the use registration permit upon which the defendants relied for their asserted right to conduct a commercial meat-smoking and processing plant on their residence property was obtained by deception. The defendants' application for the permit contained deliberately false and misleading statements of fact concerning the past, present and intended future use of their property. The Bureau of Zoning which issued the permit is a purely administrative body without any discretion in the matter of the issuance of permits under the zoning ordinance. The Bureau's function is to issue permits in keeping with existing physical conditions as shown by the owners' applications

therefor and it is utterly without power to permit a use which the ordinance forbids. It is only the Board of Adjustment which, upon a proper showing, can grant a variance. But, the defendants never asked for that. Nor is the money which they expended, in alleged reliance on the issued permit, in converting a building on their premises and fitting it out to do a commercial meat-smoking business of any present importance. The facts necessary to raise an estoppel against the City are not present. It was not the defendants who were misled but the Bureau of Zoning. Moreover, the money so expended by the defendants was in largest part for movable machinery which was not peculiarly or exclusively adapted for use on their property. It could be used anywhere. The Board of Adjustment acted properly in revoking the unwarranted permit because of the applicants' bad faith. Cf. *Herskovits v. Irwin*, 299 Pa. 155, 160, 149 A. 195; *A. J. Aberman, Inc. v. New Kensington*, 377 Pa. 520, 529, 105 A. 2d 586; *Shapiro v. Zoning Board of Adjustment*, 377 Pa. 621, 630, 105 A. 2d 299. And, equity affords appropriate means for compelling obedience to a Board of Adjustment's final and conclusive order.

Counsel for the City have urged upon us one additional point which merits mention. Section 8 of the Act of May 6, 1929, P. L. 1551, 53 PS §3829 (First Class City Zoning Law), provides that "Appeals to the board of adjustment may be taken by any person aggrieved . . . by any decision of the administrative officer. Such appeal shall be taken within a reasonable time, as provided by the rules of the board . . . ." See, also, Section 5-1006 of the Philadelphia Home Rule Charter. Section 11 of the rules of the Zoning Board of Adjustment of Philadelphia requires that such appeals must be filed within ten days of the action complained of. Parties aggrieved by a deter-

mination of the Board also have a right of appeal to the court of common pleas. This prescribed statutory procedure is exclusive. In *Wyszynski v. Philadelphia*, 370 Pa. 632, 89 A. 2d 355, we affirmed the dismissal of a bill in equity brought by the present defendants to set aside the revocation of their use registration permit and held that litigation of the City's revocation of the permit could be had only by resort to the specified statutory procedure, viz., by appeal to the Board of Adjustment and thence, if desired, to the court of common pleas. Counsel for the City argue, therefore, that appellants' failure to appeal to the Board of Adjustment from the revocation of their permit is conclusive as to the merits of that controversy and that, the time for appeal to the Board having long since elapsed, they are without right to defend in the instant suit on the ground that their former use permit was improperly revoked. However that may be, it is unnecessary for us now to decide that question since, as already conclusively appears, the City's revocation of the use registration permit was proper and that, without such permit, appellants' attempted use of their property for commercial meat-processing is concededly not sanctioned by the applicable zoning ordinance.

Decree affirmed at appellants' costs.