{¶ 22} Andrea Sangrik's will did not completely dispose of her assets. She did not provide for the disposition of the remainder of the trust res after her father's death, nor did she include a residuary clause in her will. Because it was clear at the time of her death that there would be residual undisposed assets, these assets properly belong to her next of kin at the time of her death. See Williams v. Ledbetter (1950),87 Ohio App. 171, 182.
 {¶ 23} "[W]here intestacy or partial intestacy results from the failure, in whole or in part, of a testamentary trust, the property remaining in the hands of the trustee upon termination of the trust passes by force of the statute of descent to the heirs of the testator as of the date of his death,, or to those who can trace title through such heirs." Estate of Roulac
(1977), 68 Cal. App.3d 1026, 1031-32 (citing Williams v.Ledbetter, supra, and authorities from several other jurisdictions).
 {¶ 24} The majority suggests that "Andrew's beneficial right as an heir did not, and could not, arise until such time as the resulting trust itself came into existence." I must disagree. As Andrea's next of kin, Andrew was the heir of the residue of her estate under the law of descent and distribution from the time of her death. R.C. 2105.06. This interest could not vest until the trust was fully performed and the extent of the residue became known, but it existed nonetheless. Naming Andrew as the trust beneficiary in her will did not divest him of his rights under the laws of descent and distribution. Cf. In re Underwood
(April 26, 1990), Scioto App. No. 1838.
 {¶ 25} For these reasons, I would affirm the trial court's judgment.